# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VENETIAN CASINO RESORT, LLC, | Case No. 2:19-cv-01197-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ENWAVE LAS VEGAS LLC, | |
| Defendants. | |

This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 47), filed on September 3, 2020. Plaintiff filed a Response (ECF No. 52) on September 17, 2020. Defendant filed a Reply (ECF No. 53) on September 24, 2020. The parties also filed a Joint Proposed Discovery Plan and Scheduling Order (ECF No. 50) on September 3, 2020. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter

1   jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may
2   be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive
3   motion can be decided without additional discovery; and (3) the Court has taken a "preliminary
4   peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.
5   *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

6         A party seeking to stay discovery pending resolution of a potentially dispositive motion
7   bears the heavy burden of establishing that discovery should be stayed.  *See, e.g., Turner*
8   *Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a
9   stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely
10  for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  When
11  deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the
12  dispositive motion pending in the case.  *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court
13  must consider whether the pending motion is potentially dispositive of the entire case, and
14  whether that motion can be decided without additional discovery.  *Id.*  This "preliminary peek" is
15  not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with
16  the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted).  That discovery may
17  involve inconvenience and expense is not sufficient, standing alone, to support a stay of
18  discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting
19  requests to stay would result in unnecessary delay in many cases.

20        After considering all of the arguments raised by the parties, the Court finds that Defendant
21  has carried its burden of demonstrating that a stay of discovery is warranted in this case.  Having
22  taken a preliminary peek at the Motion for Partial Summary Judgment (ECF No. 39), the Court is
23  not convinced that Plaintiff's claims will survive dismissal.  The issues before the Court in the
24  pending dispositive motion do not require further discovery as it has been fully briefed.  The
25  Court recognizes that Plaintiff has requested further discovery pursuant to Fed.R.Civ.P. 56(d), but
26  it is not persuaded that such discovery is necessary for the District Judge to resolve the motion.
27  Additionally, discovery is expensive and resolving issues or limiting claims at the earliest
28  possible stage of litigation is important.  The Court notes, of course, that its view "may be very

different than how the assigned district judge will see the . . . picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 47) is **granted**.

**IT IS FURTHER ORDERED** that the parties' Joint Proposed Discovery Plan and Scheduling Order (ECF No. 50) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that in the event the motion for partial summary judgment is not granted in full, the parties shall file a stipulated proposed discovery plan and scheduling order no later than seven days after a decision on the pending motion (ECF No. 39) is issued by the court.

DATED: September 28, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE