1
2
3
4        UNITED STATES DISTRICT COURT
5            DISTRICT OF NEVADA
6                  * * *
7   VENETIAN CASINO RESORT, LLC,          Case No. 2:19-CV-1197 JCM (DJA)
8                      Plaintiff(s),                    ORDER
9        v.
10  ENWAVE LAS VEGAS, LLC,
11                     Defendant(s).
12
13          Presently before the court is defendant-counterclaimant Enwave Las Vegas, LLC's
14  ("Enwave") motion for partial summary judgment ("MPSJ") on its breach of contract
15  counterclaim.   (ECF No. 39).   Plaintiff-counterdefendant Venetian Casino Resort, LLC
16  ("VCR") and counterdefendant Interface Group-Nevada, Inc. ("Interface") responded in
17  opposition (ECF No. 44) to which Enwave replied (ECF No. 46).
18          Also before the court is VCR and Interface's objection to Magistrate Judge Daniel J.
19  Albregts's order staying discovery pending resolution of Enwave's MPSJ.  (ECF No. 62).
20  Enwave responded in opposition.  (ECF No. 63).

21  **I.      Background**

22          This is a contract dispute over the rights to purchase and own a thermal energy
23  production facility.  The "crux of this case" is interpreting the Third Amendment to the three
24  original energy services agreements ("ESAs").  (ECF No. 39 at 10).  Enwave contends that
25  the Third Amendment leaves intact the rights of VCR, Interface, and GCS to purchase their
26  Divided Share of the Central Plant and Other Facilities.  (*Id.*).  That is, Interface and VCR
27  are contractually obligated to pay their Divided Shares—$3,187,616 and $6,558,128
28  respectively—upon the expiration of the Renewal Term in exchange for Enwave conveying

James C. Mahan
U.S. District Judge

to them their Divided Shares of the Central Plant.  (*Id.* at 9–10).  Interface and VCR are affiliated and Enwave and GCS are affiliated.

VCR contends it has the "exclusive right to sole ownership of the Central Plant." (ECF No. 44 at 2).  Enwave has a contractual obligation to convey the Central Plant to VCR and VCR only in exchange for the full $13,064,000 Purchase Option Payment.  (*Id.*).  The Third Amendment is silent on how joint ownership would work and the court should not "create its own joint ownership provision."  (*Id.* at 4).  The Divided Shares merely "allocate cost burdens," they do not allocate or divide ownership.  (*Id.* at 12).  VCR asserts an anticipatory breach of contract claim against Enwave.  (ECF No. 1 ¶¶ 19–27).  Enwave asserts its own contractual counterclaims against VCR and Interface.  (ECF No. 13).

On November 26, 2019, VCR and Interface moved to dismiss Enwave's counterclaims.  (ECF No. 24).  In the alternative, they asked for summary judgment on their anticipatory breach of contract claim because "Enwave refused to accept full contractual payment and because all of Enwave's purported damages are self-inflicted harms designed to obtain a non-existent purchase option for its sister company [GCS]."  (*Id.* at 2).

On June 5, 2020, this court dismissed only Enwave's declaratory judgment counterclaim, allowing its breach of contract, unjust enrichment, and bad faith counterclaims to proceed.  (ECF No. 38).  This court also found that it was "premature" to convert VCR and Interface's motion to dismiss into one for summary judgment:

> Enwave advances a plausible reading of the contract such that there could be a dispute as to its meaning. (ECF No. 13). But it does not appear discovery has commenced in this case. The parties have not filed a proposed discovery plan or scheduling order. It is premature for the court to impose a summary judgment standard when the parties have not even begun exchanging information through discovery. Accordingly, the court declines to convert plaintiffs' motion to dismiss into a motion for summary judgment.

(*Id.* at 7–8).  Less than two weeks later, Enwave moved for partial summary judgment on its own breach of contract counterclaim.  (ECF No. 39).  VCR and Interface filed an answer to Enwave's counterclaims three days later.  (ECF No. 41).

On September 3, 2020, Enwave moved to stay discovery pending the resolution of its MPSJ.  (ECF No. 47).  Enwave noted that "an entire year passed from the date the Venetian

James C. Mahan
U.S. District Judge

- 2 -

commenced this action to the date it served its discovery requests." (*Id.* at 3–4). And VCR's discovery requests are unnecessary because Enwave's MPSJ "can be decided without any discovery as the motion seeks the determination of a purely legal issue and the contracts at issue are unambiguous." (*Id.* at 14). Magistrate Judge Albregts granted a stay of discovery:

> After considering all of the arguments raised by the parties, the Court finds that Defendant has carried its burden of demonstrating that a stay of discovery is warranted in this case. Having taken a preliminary peek at the Motion for Partial Summary Judgment (ECF No. 39), the Court is not convinced that Plaintiff's claims will survive dismissal. The issues before the Court in the pending dispositive motion do not require further discovery as it has been fully briefed. The Court recognizes that Plaintiff has requested further discovery pursuant to Fed.R.Civ.P. 56(d), but it is not persuaded that such discovery is necessary for the District Judge to resolve the motion. Additionally, discovery is expensive and resolving issues or limiting claims at the earliest possible stage of litigation is important.

(ECF No. 57 at 3). VCR and Interface object to the discovery stay. (ECF No. 62). And in opposing Enwave's MPSJ, VCR and Interface ask the court to deny the motion without prejudice while the parties engage in discovery pursuant to Rule 56(d). (ECF No. 44 at 26).

## II.    Legal Standard

If the party opposing summary judgment shows by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(2). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; [and] (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The party opposing summary judgment must show that the sought-after facts would preclude summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)); *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

A Rule 56(d) request should be granted when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery

relating to its theory of the case," that a non-moving party cannot oppose summary judgment. *Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). However, mere temporal proximity of a motion for summary judgment and start of discovery is not sufficient to grant a request if additional discovery would be futile or if the parties already know of or agree on the facts. *See generally id.*

 "[A]lthough [Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as *requiring*, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.' " *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (emphasis added).

**III.   Discussion**

VCR asserts that the following sought-after facts would preclude summary judgment for Enwave:

> As such, discovery should proceed to decipher: (i) the conflicting interpretations of the Third Amendment; (ii) the long term relationship and multiple negotiations between VCR, Interface, and GCS and its predecessors; (iii) those parties understanding as to VCR's right to sole ownership of the Central Plant; (iv) the negotiations and intent of the ESAs and Third Amendment; (v) VCR's substantial investment into the initial construction, improvements, and maintenance of the Central Plant through the ESA term; (vi) Enwave's President and COO's written admission as to VCR's interpretation of the parties' agreements and long-term understanding as to VCR's right to sole ownership, and (vii) the intent and understanding of the REA as applicable to VCR, Interface, GCS, and the Central Plant.

(ECF No. 44 at 941).

In opposing VCR's Rule 56(d) request, Enwave treats it as a foregone conclusion that the contract at issue is unambiguous and that it offers the only reasonable interpretation of it. (ECF No. 46 at 18).  If a contract is unambiguous, "its terms must be given their plain meaning and the contract must be enforced as written; the court may not admit any other evidence of the parties' intent because the contract expresses their intent." *Ringle v. Bruton*,

1     86 P.3d 1032, 1039 (Nev. 2004); *see also State ex rel. List v. Courtesy Motors*, 590 P.2d 163,

2     165 (Nev. 1979).  However, summary judgment is not proper when a contract is ambiguous,

3     because the court must then rely on extrinsic evidence to resolve the ambiguity.  *Dickenson*

4     *v. Satte, Dep't of Wildlife*, 877 P.3d 1059, 1061 (Nev. 1994).  A contract is ambiguous if it

5     may be reasonably interpreted in more than one way.  *Galardi v. Naples Polaris, LLC*, 301

6     P.3d 364, 366 (Nev. 2013).

7            VCR should be able to oppose summary judgment with the extrinsic evidence it seeks

8     in discovery.  Namely, discovery related to the parties' understanding of the contractually

9     defined term Divided Share, especially in the absence of any clear joint ownership provision

10    governing this crucial common asset, could preclude summary judgment for Enwave.  (ECF

11    No. 44 at 938).  The core of the dispute is whether the Divided Shares are cost allocations as

12    well as ownership allocations.  *Compare* (ECF No. 44 at 10), *with* (ECF No. 46 at 13).

13           Furthermore, discovery related to "the long term relationship and multiple

14    negotiations between VCR, Interface, and GCS and its predecessors" could also preclude

15    summary judgment for Enwave.  (ECF No. 44 at 941).  When the original ESAs were

16    executed in 1997, all three contractually defined Buyers were affiliates of VCR.  (*Id.* at 11).

17    Today, one of the three Buyers, GCS, is an affiliate of Enwave, the seller of the Central

18    Plant.  (*Id.*).  The Third Amendment—especially its contractual definition of only VCR as

19    Buyer—may be reasonably interpreted to reflect this development.

20           In contrast, any discovery related to the REA will likely be unhelpful in resolving

21    ambiguities because, although the REA is referenced in the Third Amendment, Enwave is

22    not a party to it.  (ECF No. 39-5).  The REA governs VCR, Interface, and GCS's rights and

23    obligations among each other and not Enwave's obligation to convey the Central Plant.

24    (ECF No. 37 at 7).

25           In sum, granting VCR's Rule 56(d) request is not authorizing a "futile search."  *Allen*

26    *v. United States*, No. CV 03-01358-DAE-RJJ, 2012 WL 5497887, at *9 (D. Nev. Nov. 13,

27    2012).  It permits VCR to gather essential extrinsic evidence to offer an opposing

28    interpretation of a potentially ambiguous contract.  After all, this court declined to consider

James C. Mahan
U.S. District Judge

summary judgment on VCR's breach of contract claim without any discovery and now does the same on Enwave's MPSJ on its breach of contract counterclaim. *Cf. Williams v. Yuan Chen*, NO. S–10–1292 CKD P, 2011 WL 4354533, at \*3 (E.D. Cal. Sept. 16, 2011) (denying a motion for summary judgment where the opposing party had not yet filed an answer and the court had not issued a discovery order).

Nevertheless, the court and the parties are obliged to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the court orders a pre-discovery early settlement conference with the magistrate judge. *See* LR 1-1(b); LR IB 1-7(b); *James v. Alessi*, No. 218CV01398JADEJY, 2020 WL 5751561, at \*7 (D. Nev. Sept. 24, 2020) (ordering a pretrial settlement conference after ruling on cross-motions for summary judgment).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Enwave's motion for partial summary judgment (ECF No. 39) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that VCR and Interface's objection to a stay of discovery (ECF No. 62) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that this case is REFERRED to Judge Albregts for a MANDATORY SETTLEMENT CONFERENCE. The parties' obligation to file a stipulated proposed discovery plan and scheduling order (ECF No. 57) is STAYED until 10 days after the conclusion of that settlement conference.

DATED November 16, 2020.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -